IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:07 CR 620

          Plaintiff,   <u>O R D E R</u>

   -vs-   JUDGE JACK ZOUHARY

Paul Neumann,

          Defendant.

**BILL OF PARTICULARS, DISCOVERY, GRAND JURY TRANSCRIPT**

Defendant Paul Neumann filed a Motion for a Bill of Particulars (Doc. No. 24), a Motion for Discovery (Doc. No. 25), and a Motion to Compel Production of Grand Jury Transcripts (Doc. No. 26), and the Government has opposed (Doc. No. 32). A hearing was held on April 28, 2008. For reasons stated below, each Motion is denied.

*Bill of Particulars*

A bill of particulars is a means available to defendants in a criminal case where an indictment is so vague on its face that the defendant is unable to formulate an adequate defense, violating fundamental due process rights. *See United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). Generally, an indictment is sufficient to serve the goals of informing a defendant when it tracks the language of the statute and states the offense charged. *See United States v. Maney*, 226 F.3d 660 (6th Cir. 2000). However, Federal Criminal Rule 7(c) also requires the indictment contain "the essential facts constituting the offense charged."

A bill of particulars "is not meant as a tool for the defense to obtain detailed disclosures of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375. It "should not be used to conduct discovery of the Government's theory of a case, to force detailed disclosure of the facts

underlying a charge, or to restrict the Government's proof at trial." *United States v. Mannino*, 480 F. Supp. 1182, 1185 (S.D.N.Y. 1979). A bill is only appropriate when the indictment is flawed.

The Indictment in this case exceeds the minimum requirements of Federal Criminal Rule 7(c) and the United States Constitution. The Indictment, mirroring the elements of the false declaration statute, 18 U.S.C. § 1623, contains the time, location, and substance of the alleged perjury and identifies the Affidavit as the document at issue. This information in the Indictment meets the required threshold. The Indictment is not flawed, and a bill of particulars is unnecessary.

### *Discovery*

Defendant Paul Neumann is requesting various items in discovery. The Government counters that open file discovery has been offered and that Defendant may review the Government's file to obtain the requested discovery. At oral argument, Defendant conceded open file discovery was available but counsel had yet to examine the Government's file. Furthermore, because this case follows a previously filed criminal action, the Government maintains Defendant already has every item in his Rule 16 requests and all *Brady*, *Giglio*, and *Jencks* materials. The Government has also agreed to provide an additional copy of all *Jencks* material no later than one week before trial. Defendant also requests discovery under Federal Evidence Rules 404(b) (character evidence) and 1006 (summaries). The Government acknowledges there is currently no Rule 404(b) evidence and it will timely disclose such evidence if it is discovered. The Government has not yet prepared its trial exhibits or summaries and will allow inspection of the trial exhibits approximately two weeks before trial. This current Motion is therefore denied, in part as moot.

### *Grand Jury Transcript*

Defendant Paul Neumann also requests transcripts from the grand jury proceeding because: (1) the Government may have improperly used Chief Judge Carr's Order denying Defendant Paul

Neumann's motion to withdraw his guilty plea in the *Medback* case as evidence to obtain the Indictment in this case; (2) he cannot prepare a defense without the grand jury transcript as the Government has not given him any evidence proving the charge; and (3) the transcript may contain evidence of Government vindictiveness in charging Defendant with perjury.

There is a strong presumption in maintaining the secrecy of grand jury proceedings. *See United States v. Short*, 671 F.2d 178, 184 (6th Cir. 1982). Defendant is therefore required to show "compelling necessity" and "particularized need" for the grand jury transcript. *Id.* at 186.

The concern that Chief Judge Carr's Order was presented to the grand jury lacks evidentiary support. The Government, through affidavit, confirms the Order was not presented to the grand jury and further, that no reference was made to the Order. Defendant also has access, through the previously offered open discovery, to all exhibits presented to the grand jury. In the face of this information, and with lack of any evidence to the contrary, Defendant's concern appears unfounded and insufficient to order production of the grand jury testimony.

The Government has sufficiently apprised Defendant of the charge against him in the Indictment and permitted open discovery. Production of the grand jury transcript is not a tool simply to complement already discoverable evidence. Defendant must show a particularized need, and Defendant has not met this burden. Nor has Defendant explained why the grand jury transcript would aide in the Motion to Dismiss for Vindictive Prosecution. The request for production of the grand jury transcript is therefore denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 30, 2008