IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,    Case Nos. 3:07 CR 620
                                       3:07 CR 621
             Plaintiff,

                                      ORDER DENYING DEFENDANTS'
     -vs-                                 MOTION TO DISMISS

Paul Neumann    JUDGE JACK ZOUHARY
  and
Timothy D. Neumann,

             Defendants.

Defendants Paul and Timothy Neumann each filed a Motion to Dismiss for Vindictive Prosecution (3:07 CR 620 Doc. No. 27; 3:07 CR 621 Doc. No. 18), both seeking dismissal of the perjury indictments. They argue this prosecution is vindictive because the Government has brought the charges to punish them for challenging the validity of their binding plea bargain in companion cases (3:05 CR 777 and 3:05 CR 778) for medicare fraud.

**Vindictive Prosecution**

The Sixth Circuit has established these elements of vindictive prosecution:

Due process "prohibits an individual from being punished for exercising a protected statutory or constitutional right." *United States v. Poole*, 407 F.3d 767, 774 (6th Cir.2005) (citing *United States v. Goodwin*, 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982)). But "the Due Process Clause is not offended by all possibilities of increased punishment . . ., [ ] only by those that pose a realistic likelihood of vindictiveness." *Blackledge v. Perry*, 417 U.S. 21, 27, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (quotation marks omitted). A defendant alleging prosecutorial vindictiveness must show either "actual vindictiveness" or a "realistic likelihood of vindictiveness." *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir.2003). Actual vindictiveness is demonstrated by "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." *Id.* The realistic-likelihood-of-vindictiveness standard examines the prosecutor's "stake in deterring the exercise of a protected right and the unreasonableness of his actions." *Poole*, 407 F.3d at 774 (quotation marks omitted).

*United States v. Roach*, 502 F.3d 425, 443 (6th Cir. 2007). The Court considers each element in turn.

The first element, exercise of a protected right, is not in dispute. The Government does not deny Defendants had a right to challenge the plea bargain. However, the parties do not agree on the "actual vindictiveness" or the "realistic-likelihood-of-vindictiveness" element. The Court must examine two factors in finding vindictiveness: (1) the prosecutorial stake in deterring the exercise of a right; and (2) the prosecutor's conduct. The standard is objective -- "whether a reasonable person would think there existed a realistic likelihood of vindictiveness. The proper standard does not depend on a defendant's subjective impressions." *United States v. Andrews*, 633 F.2d 449, 454 (6th Cir. 1980). If vindictiveness is established, the burden shifts to the Government to rebut the presumption: "In determining whether the government has rebutted a presumption of vindictiveness the relevant inquiry is whether there exists objective information in the record to justify the increased sentence or additional charges." *United States v. Poole*, 407 F.3d 767, 776 (6th Cir. 2005)

**Prosecutor's Stake**

Defendants point to the prosecutor's stake in avoiding a trial in cases where plea bargains are already in place, the costs associated with a trial, and the squandered time and resources related to a failed or rescinded plea bargain. Defendant Timothy Neumann also cites the possibility of acquittal in the wake of the acquittal of co-defendant James Altiere, in-house counsel, for the very same medicare fraud charges. However, Defendants here did not succeed in their motion to withdraw their guilty pleas which significantly distinguishes them from the seminal decision in *Blackledge v. Perry*, 417 U.S. 21 (1974) (holding state deprived defendant of due process by bringing more serious charge as retaliation for defendant's successful exercise of right to appeal). Thus, the Government faced neither the prospect of a second trial nor the possibility of acquittal that might constitute a significant

2

"stake" in deterring a defendant's right to move for withdrawal of a plea. The plea bargain for these Defendants was upheld prior to the specter of additional charges for perjury.

At oral argument, Defendants also suggested the Government had a stake in "deterring the exercise of a protected right" because the plea bargain was dependent on acceptance by both Defendants, and therefore could not stand if one of the Defendants withdrew. However, Defendants offer no authority for the proposition (which the Government denies) that one Defendant's successful withdrawal meant the other's plea must fail too. And, even if this assertion were true, Defendants do not explain how the Government would have a stake in deterring the challenge after it had already been asserted and denied by the Court, nor how this supposed "all or nothing" nature of the bargain would specifically motivate new charges.

This case is distinct from the cases Defendants cite. In *Blackledge*, defendant was successful in appealing his conviction. Likewise, in *United States v. McFayden-Snider*, 590 F.2d 654, 655 (6th Cir. 1979), defendant succeeded in appealing her conviction.[1] In *Andrews*, the court found a realistic likelihood of vindictiveness when the prosecutor added a conspiracy count to the indictment after the defendants also succeeded in their motion to be released pending trial. 633 F.2d at 450-51. By contrast, Defendants here did not succeed in withdrawing from the plea bargain. The Government's stake in deterring or retaliating for the challenge to the plea bargain is therefore objectively lower than in the cited cases because here the Government succeeded in upholding the plea bargains.

The instant case is more analogous to the line of cases where a prosecutor adds charges after a failed or rejected plea bargain. Even in those instances, courts decline to find the prosecutor acted

---

[1] As the Government suggests (Brief at p. 14-15), the very brief *per curiam* opinion in *McFayden-Snider* offers little analysis or guidance, and, moreover, is less persuasive because it was issued before the Sixth Circuit articulated the current standard in *Andrews*.

3

in a vindictive manner. For example, where the prosecutor added new charges to the indictment following the failure of the plea bargain process, the court held that no claim of vindictive prosecution could arise because the inherent give and take of the plea bargain process weighs against a finding of vindictiveness. *United States v. DeJohn*, 368 F.3d 533, 545 (6th Cir. 2004); *see also United States v. Schneider*, 395 F.3d 78, 88 n.5 (2d Cir. 2005). No presumption of vindictiveness exists in the instant case where the Government had no stake in retaliating by seeking new charges following the decision to uphold the plea bargain. Indeed, less incentive to retaliate exists when the plea bargain is upheld because the Government achieved the outcome it sought.

Considering these facts, the Court does not find a significant prosecutorial stake in punishing Defendants for exercising their rights.

**Prosecutor's Conduct**

Under the second factor, the Court examines the prosecutor's conduct. Defendants point primarily to the Assistant U.S. Attorney's remarks at the October 2007 bond hearing where the Government stated its intention to bring perjury charges against Defendants for some of the statements in their respective affidavits. Defendants also claim Paul Neumann's sentencing hearings held February 25 and March 3, 2008, reflect vindictive comments. The Court has reviewed the full transcripts of both hearings. The relevant statement by the Government[2] at the bond hearing was

---

[2]

October 9, 2007 Bond Hearing (Tr. at 5):

> I'm sure, given the present circumstances of the Court's finding on the motion to withdraw the guilty plea, that the Court is concerned that the binding plea agreement gives the defendant a free pass . . . because . . . you would not be able to enhance his sentence for obstruction of justice or withdraw acceptance of responsibility decrease. I can inform you, though, that it is the intention of my office, and it has been since we received the affidavits originally, to prosecute the defendant for making false declarations before the Court.

4

made in response to the Judge's concern that the binding nature of the plea agreement prevented further punishment for what the Judge perceived to be Defendants' "obstruction of justice with false testimony." The Government responded by indicating that perjury charges were contemplated back when the affidavits were received and that any "enhancement" of the sentence could be dealt with at that time.

At Defendants' arraignment for perjury charges in the instant case, the Government stated the March 2007 hearing, on Defendants' motions to withdraw from the plea bargain, comprised the "entire universe of discovery" related to the perjury charge. Defendants claim the Government could not have had a basis to bring perjury charges in November 2006 when they received Defendants' affidavits because the factual basis did not arise until the March 2007 hearing. Defendants argue further that comments at the October 2007 bond hearing indicate a vindictive desire to punish Defendants for challenging the plea bargain by bringing these new charges for perjury.

The Court finds the Government's conduct and statements were objectively reasonable and do not suggest a substantial likelihood of vindictiveness. In context, the remarks at the October 2007 bond hearing occurred after the Court's ruling to deny the motions to withdraw from the plea bargain. As discussed above, unlike the situation in *Blackledge* or *McFayden-Snider*, Defendants here were unsuccessful in their request for relief. This fact significantly diminishes the objective likelihood of vindictiveness. This distinction, between the instant case and the very narrow line of cases dismissing for vindictive prosecution, is material and significant.

Regarding the timing of the perjury charges, the claimed inconsistency is between the "entire universe of discovery" comment in March 2007 and the remark that the Government intended to bring charges when they received the affidavits in November 2006. However, this seeming contradiction

5

does not suggest vindictiveness. The affidavits were clearly part of the evidentiary hearing and part of that "universe" of discovery. The remarks reflect the Government's belief that a stronger basis existed for bringing the perjury charges after the evidentiary hearing and the prudence to have a ruling on the motions to withdraw before filing new charges. While some of the Government's remarks may have been unduly emotional and personalized, they do not establish the substantial likelihood of vindictiveness required by *Andrews*. 633 F.2d at 455. In that regard, the Court heeds the words of the Sixth Circuit: "[T]he vindictive prosecution doctrine is designed to prevent retaliation for the assertion of protected rights, not to police the emotions of prosecutors." *United States v. Suarez*, 263 F.3d 468, 482 (6th Cir. 2001).

**Rebuttal by Government**

Even if Defendants could meet their burden in establishing either actual or likely vindictiveness, the Government offers objective evidence to rebut the presumption. A grand jury returned an indictment against Defendants which presumably rests on probable cause and supports the objectivity of the charge. *See United States v. Roach*, 502 F.3d 425, 445 (6th Cir. 2007) (charge approved by grand jury presumed to rest on probable cause). This fact, standing alone, might not be conclusive because the vindictive prosecution doctrine could then never apply when a grand jury returns an indictment. However, in this case, the Government had an objective basis for filing charges when it received Defendants' affidavits. The Assistant U.S. Attorney met with Defendants' former defense counsel in April 2004 to discuss the plea bargain. At that meeting, the Government presented written documents including a sheet describing the "incident to billing" defense (3:07 CR 620 Doc. No. 32, Ex. 4, ¶ 3; 3:07 CR 621 Doc. No. 22, Ex. 4, ¶ 3). The Government fairly believed that defense counsel would discuss this defense with Defendants, and therefore had an objective basis for believing

6

the affidavits falsely claimed Defendants did not discuss the defense with their legal counsel after that meeting. This basis was later bolstered by the testimony at the March 2007 hearing, and the Government offers the reasonable argument that it waited until the testimony of Defendants was completed before seeking an indictment. It would be incongruous to find improper conduct where a prosecutor awaits firmer evidence before seeking an indictment.

The Government offers objective evidence which rebuts any possible vindictiveness, and Defendants offer no evidence of pretext to discredit the Government's rebuttal. *Bragan v. Poindexter*, 249 F.3d 476, 482 (6th Cir. 2001) ("If the government produces evidence to rebut the presumption, the defendant must prove that the offered justification is pretextual and that actual vindictiveness has occurred.")

## **CONCLUSION**

For all the above reasons, both Motions to Dismiss are denied.

IT IS SO ORDERED.

                                                                        s/ *Jack Zouhary*
                                                                        JACK ZOUHARY
                                                                        U. S. DISTRICT JUDGE

May 16, 2008